Danny Negrete ORTEGA, Appellant,

v.

The STATE of Texas, State.

No. 2-81-301-CR.

Court of Appeals of Texas, Fort Worth.

Jan. 12, 1983.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Victoria Fay Prescott, C. Chris Marshall, Don Hase, Asst. Dist. Attys., Fort Worth, for State.

OPINION ON THE STATE'S MOTION TO RECONSIDER DENIAL OF ORIGINAL MOTION TO STRIKE APPELLANT'S SUPPLEMENTAL BRIEF

FENDER, Chief Justice.

This controversy arises out of the action of counsel for appellant in filing a supplemental brief (of 19 pages) on the morning of oral argument and handing a copy of same to the State minutes before court was called to order. The original brief for appellant had been filed on April 29, 1982 (20 pages). The State filed response August 9, 1982. Submission and oral argument were set for December 1, 1982, some three and one-half months after the filing of the State's brief. The State filed a motion to strike the supplemental brief on December 2, 1982, the day after oral argument. On order of two judges, this motion to strike was overruled. The motion to reconsider is before the court *en banc*.

Other records of this court reveal that several factual allegations in the State's motion to reconsider are basically correct and reveal that the matter before us is not an isolated incident. Also an examination of the record in this case reflects that the "supplemental" brief in this cause was in reality a "full" brief which required study and response. In light of our disposition of this motion, a full recital of these otherwise illuminating facts is not necessary.

This court looks with disfavor on "trial by ambush" at the appellate level with the same jaundiced eye which focuses on such tactics at the trial court level. The appeal of a criminal conviction should be conducted as a full, free and fair discussion of the law as applied to the facts of each individual case. There is no room in our profession for the playing of games. When it becomes apparent that our laws (and rules pertinent thereto) create an unfair advantage to one party or the other, it is our duty to rectify the situation so that fundamental fairness obtains in our criminal justice system.

The root of the current evil is imbedded in V.A.C.C.P. art. 44.33(a) which provides in pertinent part:

After the record is filed in the Court of Appeals ... the parties may file such supplemental briefs as they may desire before the case is submitted to the court.

Until now this has been construed to mean that additional material could be submitted up to the day of oral argument to permit either party to assist the court by providing recent decisions (and applications thereof) to be used in the opinion writing process.

As a result of the rather flagrant abuse of privilege in this cause (and the others referred to generally above, but not described) it has become necessary for this Court to adopt a rule more succinctly defining "submission" in criminal cases in the Second

Supreme Judicial District.[1] However, not wishing to ourselves be guilty of fighting from sanctuary, the court will not attempt to apply the new rule retroactively and by this opinion we limit its application to the present and future.

Appellee's motion to reconsider is denied.

1. The parties may file such supplemental briefs as they desire before the case is submitted to this Court (as provided in V.A.C.C.P., art. 44.-33(a)). Each party, upon filing any such supplemental brief, shall immediately cause a true copy thereof to be delivered to opposing counsel.

Cases set for oral argument shall be considered submitted 15 days prior to the date of oral argument; therefore, supplemental briefs may be filed up to 15 days prior to the date of oral argument. Supplemental brief(s) may be filed within 15 days of the date of oral argu-

ment only by leave of Court, upon a showing of exceptional circumstances. However, either party may submit new case citations or corrected citations in letter form to the Court with a brief designation of the ground(s) of error to which the citation(s) are related.

When a supplemental brief is filed within 21 days prior to date of oral argument, the opposing party shall have until 5 days prior to the date of oral argument in which to file a response, if so desired, and shall immediately cause a copy thereof to be delivered to opposing counsel.